IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV146-03-MU

DAVID EZELL SIMPSON,          )
                              )
        Plaintiff,            )
                              )
    v.                        )      **O R D E R**
                              )
UNNAMED UNION COUNTY          )
SHERIFF'S DEPUTIES            )
                              )
        Defendants.           )
                              )

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed March 26, 2010.[1] (Document No. 1.)

Plaintiff alleges that on or about March 22, 2010, four days prior to filing the instant Complaint, while being housed in Central Prison, unnamed deputies from Union County came to pick him up for a court appearance in Union County. Plaintiff alleges that the deputies placed handcuffs on him which were too tight. Plaintiff admits that because he believed his cuffs were too tight, he refused to get into the truck. According to Plaintiff, the officers then "threw [him] to the ground" and "threw [him] into the truck". (Complaint at 3.) Plaintiff further admits that during the drive to court, he beat on the door to the truck because he continued to believe that his cuffs were too tight. Once he arrived at the courthouse, different unnamed deputies removed him from the

---

[1] The Court notes that Plaintiff is no stranger to this Court. Indeed, Plaintiff currently has a § 1983 case pending before this Court against Union County officers which includes claims of excessive force, conditions of confinement and deliberate indifference to his medical needs. (See 3:07cv477). Plaintiff also had three other § 1983 cases that have been dismissed, (see 4:92cv30; 3:95cv206 and 3:05cv408), a § 2255 case in this Court and two cases under § 2241. (See 1:99cv143; 3:09cv292 and 3:09cv229).

1

truck and took him to a room inside of the courthouse. One of the deputies allegedly "pushe[d ] [his] head into the wall" causing his head to bleed. (Complaint at 3.) Plaintiff also complains, concerning an unrelated incident in January 2010, that he was housed for three days in the Union County jail in a holding cell referred to as the "drunk tank." The cell did not have access to water for drinking or washing. While in the cell, Plaintiff asked to see a nurse but no nurse came to see him and he was not taken to see a nurse.

By way of relief, Plaintiff asks that each of the deputies involved in the incident on March 22, 2010 and the deputies at the Union County jail that put him in the "drunk tank" in January 2010, pay him one million dollars. (Complaint at 8.) Plaintiff also asks he be transferred to Mecklenburg County jail or into federal custody.

The Court is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and may dismiss those cases or claims which do not pass frivolity review. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (dismissal appropriate where claim "lacks an arguable basis either in law or fact"); Neitzke v. Williams, 490 U.S. 319 (1989) (sua sponte dismissal appropriate where claim is based on a meritless legal theory). In other words, an action should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). While this Court is well aware of the requirement to liberally construe a pro se complaint, this Court is not required "to develop tangential claims from scant assertions in the complaint." Lowdermilk v. LaManna, 2009 WL 2601470 (D. S.C. 2009) citing Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985).

To begin, when officials are accused of using excessive force, the proper inquiry is "whether

2

force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973); Wilkins v. Gaddy, __ S. Ct. __ 2010 WL 596513 (2010). While the focus is on the amount of force used as opposed to the extent of the injury, the absence of serious injury is not irrelevant to the Eighth Amendment inquiry. Instead, "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Hudson v. McMillian, 503 U.S. 1 (1992) (quoting Whitley, 475 U.S. at 321.) "The extent of the injury may also provide some indication of the amount of force applied." Wilkins, 2010 WL 596513. Moreover, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not repugnant to the conscience of mankind." Id. (internal quotation marks omitted). "An inmate who complains of a "push or shove" that causes no discernable injury almost certainly fails to state a valid excessive force claim." Wilkins v. Gaddy, __ S. Ct __, 2010 WL 596512 (2010) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).

Here, Plaintiff admits that he refused to get into the truck because he believed his handcuffs were too tight and that in response, the unnamed officers "threw him into the truck." Plaintiff also admits that during the ride to the courthouse, he was "beating on the door of the truck." Once at the courthouse, some other unnamed deputies took Plaintiff to a room in the courthouse and "push[ed] [his] head into a wall" causing his head to bleed. (Complaint at 3.) The Court notes that Plaintiff reports only that his head hurt from the "push" and his hands were swollen from the handcuffs being too tight. The lack of injury in this case, suggests that the amount of force used, which appears to

3

be limited to getting Plaintiff into the truck for transport to court and a push after getting to the courthouse, was minimal. The Court notes that the "push" Plaintiff complains of after arriving at the courthouse came after he admitted to "beating on the door of the truck" during his transport to court. Even if the "push" Plaintiff describes was done with an improper intent, the Supreme Court has reiterated its position that not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. Indeed, because the push about which Plaintiff complains is not of a sort repugnant to the conscience of mankind, the Court finds that such de minimus use of force is excluded from constitutional recognition under the Eighth Amendment's prohibition of cruel and unusual punishment. Therefore, the Court concludes that Plaintiff has failed to state a valid excessive force claim.

Next, Plaintiff complains that he was housed for three days in the Union County jail in a cell referred to as the "drunk tank" which had no running water for drinking or washing. Plaintiff also claims that while in that cell, he requested to be seen by a nurse and such request was ignored.

First, Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. Conditions must rise to the level of a deprivation of a basic human need such as food, warmth or exercise. Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). In addition, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A plaintiff must also sufficiently allege evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment. Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993) but see 42 U.S.C. § 1997(e) (prisoner cannot maintain a § 1983 action for mental or emotional injury absent physical injury). The Court is also mindful that the constitutional prohibition against cruel and unusual punishment "does not mandate

4

comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to from the basis of an Eighth Amendment violation." Wilson v. Seitser, 501 U.S. 294, 298 (1991).

While Plaintiff does state that he did not have water in his cell to wash with, the Court notes that Plaintiff does not allege that he was restricted from using the bathroom facilities during this time. Likewise, while Plaintiff does allege that he had no water in his cell to drink, Plaintiff does not allege that he was unable to drink anything outside his cell or with meals during this three day period, but only that he did not have drinking water available to him in his cell. Based upon the facts in his Complaint, Plaintiff cannot establish that being housed in a cell for three days without running water for drinking or washing resulted in the deprivation of a basic human need.[2]

Plaintiff also contends that he requested to be seen by a nurse but his request was ignored. To the extent this is an attempt to allege a claim of deliberate indifference to medical needs claim, Plaintiff has failed in his attempt. A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a

---

[2] The Court notes that Plaintiff admitted in his Complaint in case number 3:07cv477 that he flooded his cell while housed in the Union County jail in 2008 and was subsequently housed in the "drunk tank." (See 3:07cv477: Complaint at 7.)

substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a substantial risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998). Applying the above law to Plaintiff's allegations, Plaintiff has not met his burden in stating a deliberate indifference claim. Indeed, he has not even bothered to identify a medical need which was serious or otherwise suggested a serious medical need.[3]

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

This 1st day of April, 2010.

Graham C. Mullen
United States District Judge

---

[3] The Court notes that Plaintiff generally contends that he has cancer, but does not identify any specific need that required medical attention.